[Civ. No. 2559.  First Appellate District.—November 18, 1918.]

## J. F. REDHEAD, Respondent, v. JEFFERSON PAYNE, Appellant.

TENANCY IN COMMON—LIEN FOR EXPENDITURES—FORECLOSURE.—Where plaintiff and defendant, who had operated lands of which they were tenants in common at a loss, which the plaintiff was forced to pay, exchanged the lands for other lands, subject to a mortgage, taking title to the new lands in the name of the defendant and agreed that the defendant's entire interest should be one-half of what might be derived from a sale in excess of the mortgage after deducting the balance due the plaintiff, the plaintiff was entitled to maintain an action to have his lien foreclosed and the property sold for that purpose.

APPEAL from a judgment of the Superior Court of Fresno County.  George E. Church, Judge.

The facts are stated in the opinion of the court.

C. K. Bonestell  and N. Lindsay South, for Appellant.

F. E. Cook  and Jesse F. Waterman, for Respondent.

LENNON, P. J.—This is an appeal by defendant from a judgment directing the sale of land described in the complaint.  The defendant demurred to the complaint; the demurrer was overruled; defendant declined to answer and the judgment went by default.  Defendant contends that no cause of action is stated in the complaint.  The complaint sets forth that between November, 1912, and January, 1915, plaintiff and defendant were the owners, as tenants in common, of certain lands in Riverside County; that this property was operated at a loss; that the defendant was financially unable to pay his share of operating said property and plaintiff was obliged to advance and did advance over five thousand two hundred dollars more than defendant in its management and for its protection; that on January 14, 1915, defendant being unable to meet his share of the costs and expenses of the future operation of said Riverside property, the same was traded for certain land in Fresno County, which is the land involved in this action.  In order to complete such trade, plaintiff was

compelled to pay five thousand dollars bonus and $269 as costs and expenses; that before making such trade it was verbally agreed that the title to the Fresno County land should be taken in plaintiff's name, and that defendant's entire interest should be one-half of what might be derived from a sale thereof, in excess of the mortgage of six thousand dollars thereon, after deducting the balance due plaintiff of $10,470.84; that defendant refused to pay any part of the taxes or of the interest due upon the mortgage on the Fresno land and that the plaintiff was forced to pay the same; that plaintiff does not know whether he is the owner of said Fresno County land or whether he holds the title thereto as trustee for defendant and himself, subject to the lien of said mortgage and a second lien for the amount due him as aforesaid, and he, therefore, submits the question to the court; plaintiff offers to do anything equitable in the premises and prays for a decree adjudging and determining the rights and interests of plaintiff and defendant in the said land, and that the same be sold under an order of the court and that the amount to which plaintiff may be entitled may be declared a lien on said land, subject only to the lien of the mortgage aforesaid, and that the proceeds of such sale be applied, first, to the costs and expenses of such sale and, second, to pay the amount found due to plaintiff and the balance divided between plaintiff and defendant.

The defendant contends that as he had signed a certain memorandum, set out in the record, agreeing that his sole interest in the land was in any remainder after the land was sold and the proceeds applied to the payment of the mortgage and the payment of the indebtedness due to plaintiff— that, therefore, plaintiff had the absolute title to the land, subject merely to an obligation to pay to defendant one-half of the remainder after paying the aforesaid encumbrances— and that having the absolute title to the land, he could sell it as he desired and did not require the aid of the court; that there was no right for the court to enforce and no wrong to redress. We think this objection to the judgment is entirely without merit. Title to land is a definite and positive matter and can be passed only in the manner prescribed by law. If the title to this land was in the plaintiff as trustee for himself and the defendant by reason of its having been purchased with other land held by the parties as tenants in common,

the memorandum signed by defendant to the effect that his interest in the land was merely an interest in the remainder after the liens upon the same had been paid in no way affects the title to the land. Certainly, both plaintiff and defendant held their title subject to all valid liens, and a mere declaration of that fact does not affect the legal situation.

The plaintiff and defendant, having agreed in writing that the plaintiff should have a lien upon the land for the amount of his expenditures in its purchase and operation, plaintiff was entitled to have the same foreclosed, which is, in effect, what he has asked in the present suit. He has merely set out all the facts and asked the court to determine his rights and then enforce them. This was certainly a desirable, if not a necessary, procedure from the standpoint of keeping the record title clear of all doubt. Certainly, since the defendant would not aid in meeting the expenses of the land, the plaintiff is not bound to bear such expense indefinitely, and he may seek the aid of a court of equity to have his lien foreclosed and the property sold.

Moreover, the defendant asserts that plaintiff might have sold the property without the aid of a court, so defendant is certainly not injured by the judgment.

The judgment is affirmed.

Sturtevant, J., *pro tem.*, and Beasly, J., *pro tem.*, concurred.